UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05649-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the Administrative Law Judge's ("ALJ") decision affirming defendant's denial of her application for benefits. Dkts. 13, 16. Plaintiff asserts one issue, arguing the ALJ improperly evaluated the medical opinion of Dr. Joel C. Mitchell. Dkt. 13 at 1, 3, 10.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court **REVERSES** and **REMANDS** the ALJ's decision for further administrative proceedings.

## I. BACKGROUND

Plaintiff applied for benefits asserting an onset date of December 1, 2020. AR 79. Defendant denied plaintiff's application initially and on reconsideration. AR 78, 88, 130-31. Plaintiff appealed to an ALJ who held a hearing on May 10, 2024, and issued an unfavorable decision on May 30, 2024. AR 14, 37. The Appeals Council denied review on May 30, 2025. AR 1.

The ALJ resolved the required five-step analysis as follows.

For the first step, the ALJ found plaintiff had not engaged in substantial gainful activity since December 1, 2020, the asserted amended onset date. AR 19.

For the second step, the ALJ found plaintiff had the following severe impairments: "Scheuermann's kyphosis; degenerative disc disease of the cervical and lumbar spine; scoliosis; obesity; major depressive disorder; generalized anxiety disorder; and attention deficit hyperactivity disorder (ADHD) . . ." AR 19.

For the third step, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments. AR 20.

For the fourth step, the ALJ formulated plaintiff's RFC. Regarding plaintiff's psychological limitations, including his ability to follow instructions, concentrate, adapt, and interact with others, the ALJ found:

> The claimant can understand, remember, and carry out short, routine, and repetitive instructions; and sustain attention/concentration for 2-hour periods at a time and for 8 hours in the workday on short, routine, and repetitive instructions. The claimant can use judgment in making work decisions related to short, routine, and repetitive instructions. The claimant requires an occupation with only occasional coworker contact and supervision. The claimant requires an occupation with set routine, procedures, and instructions, and occasional changes during the workday. The claimant needs an occupation with no more than occasional contact with the public. The claimant can do work with no requirement to meet defined production quotas, such as production line work. The claimant can maintain regular attendance and be punctual within customary tolerances. The claimant can perform activities within a schedule.

AR 22.

When formulating plaintiff's RFC, the ALJ considered the medical evidence, including Dr. Mitchell's June 2022 consultative psychological evaluation. AR 29 (citing

AR 859). As elaborated below, the ALJ found the "part of Dr. Mitchell's opinion regarding the substantial restrictions" on plaintiff's ability to interact with others, maintain regular attendance, complete a normal workday, and handle typical workplace stressors, "is not persuasive because it is not consistent with or supported by the record." AR 29.

For the fifth step, while the ALJ found plaintiff was unable to perform any past relevant work, he could still perform certain jobs that exist in significant numbers in the national economy. AR 29-30.

## II. DISCUSSION

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 97 (2019) (citation omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the

scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson,* 95 F.4th at 1199-1200.

Here, plaintiff argues the ALJ erred by discounting the mental health evaluation provided by Dr. Mitchell. Dkt. 13. In June 2022, Dr. Mitchell conducted a consultative psychological evaluation. AR 859. Dr. Mitchell evaluated plaintiff via the "doxy.me telemedicine video platform" on June 29, 2022. AR 859. Dr. Mitchell also reviewed various medical records, including plaintiff's responses on his SSA-3373 Function Report (AR 325), as well as treatment records from at least three providers between August 2021 and January 2022. AR 859-60.

Dr. Mitchell's evaluation states plaintiff reported various daily activities, including chores, socializing with a cosplay group, gaming, and spending time with friends. AR 861. Dr. Mitchell's mental status examination noted numerous categories were within normal limits or unremarkable, including concentration, attitude/behavior, and memory. AR 862-63. He did note, however, plaintiff's mood/affect was "anxious, restricted, tense/fearful." AR 862. In Dr. Mitchell's ultimate functional assessment, he opined plaintiff would have substantial difficulty in numerous functional categories. AR 864-65. These included "performing detailed and complex tasks," "accepting instructions from supervisors," "interacting with co-workers and the public," "maintaining regular attendance and completing a typical workday," and "dealing with typical stressors." AR 864-65.

The ALJ asserted three reasons when finding "part of Dr. Mitchell's opinion regarding the substantial restrictions is not persuasive because it is not consistent with

or supported by the record." AR 29. First, "claimant admitted 5that [sic] he was able to handle changes and stress to some extent." AR 29 (citing AR 325). Second, "the record show[s] that the claimant enjoyed spending time with family and friends," AR 29 (citing AR 43, 325, 859). Third, "Dr. Mitchell's normal examination findings showing that the claimant was open and had normal concentration." AR 29 (citing AR 859).

Defendant now asserts reasons beyond those stated by the ALJ, yet the Court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

Turning to the ALJ's first reason, his reliance on plaintiff 'admitting' he could handle stress is inapposite. The ALJ framed plaintiff's statement as being "able to handle changes and stress to some extent." AR 29. This appears to refer to plaintiff's response on his SSA-3373 Function Report to the question "[h]ow well do you handle stress?" AR 331. Plaintiff answered "[i]t varies on my anxiety but usually not well." AR 331. Plaintiff's key qualifying language was overlooked or misapprehended by the ALJ, thus the ALJ's finding mischaracterized the record and is not supported by substantial evidence. *E.g.*, *Spears v. Astrue*, No. C–11–03516 JCS, 2012 WL 3276940, at *12, *17 (N.D. Cal. Aug. 9, 2012).

As for the ALJ's second reason, his general reliance on plaintiff's social activities is also inapposite. Here, the ALJ failed to explain specifically how plaintiff's social interactions with friends and family are transferable to a work environment or inconsistent with Dr. Mitchell's evaluation. *See Kassandra P. v. Comm'r of Soc. Sec.*, No. 3:23-cv-05443-TLF, 2024 WL 1928356, at *4 (W.D. Wash. May 2, 2024). After all,

"[i]nteracting with caregivers, family and friends . . . is not the same as interacting with supervisors and co-workers." *Lewis v. Berryhill*, No. 2:14-cv-1227 DB, 2017 WL 931887, at *4 (E.D. Cal. Mar. 9, 2017) (contrasting co-workers from family and friends, as the latter are likely to be more accommodating and plaintiff can more freely adjust how often he sees them).

As for the ALJ's final reason, his general explanation regarding Dr. Mitchell's 'normal' findings is insufficient. The ALJ states Dr. Mitchell's "substantial difficulty" findings are "not supported by Dr. Mitchell's normal examination findings showing that the claimant was open and had normal concentration." AR 29.

"It is not enough for the ALJ to simply state that some evidence is inconsistent with a medical source's opinion, or that the opinion is not internally supported" as the "ALJ must build an 'accurate and logical bridge'" between the evidence and the ALJ's conclusion. *Angela Louise W. v. Comm'r of Soc. Sec.*, No. 3:22-CV-5722-DWC, 2023 WL 3052361, at *4 (W.D. Wash. Apr. 24, 2023); *see also Sabrina M. v. Comm'r of Soc. Sec.*, No. 25-cv-08597-TSH, 2026 WL 1589972, at *6 (N.D. Cal. Jun. 3, 2026) ("Nor did the ALJ explain *why* the findings in Dr. Jakubowski's opinion are internally inconsistent.").

"ALJs should be cautious in second-guessing a doctor's interpretation of her own mental status exam findings" as the "medical expert [is] best positioned to interpret those findings." *Ketrenna B. v. Comm'r of Soc. Sec.*, No. C19-5988 BHS, 2020 WL 2900789, at *6-*7 (W.D. Wash. Jun. 3, 2020). Here too, the ALJ's finding fails to substantively explain why he relied on Dr. Mitchell's normal findings, as opposed to his abnormal findings.

In short, the ALJ's stated reasons and explanation for rejecting Dr. Mitchell's opinion were improper. This was harmful error, because if the ALJ had properly evaluated the expert's opinion evidence, the RFC may have included more limitations in line with Dr. Mitchell's opinion. *See Stacy A. B. v. O'Malley*, No. SACV 23-0920 AGR, 2024 WL 3221728, at *3 (C.D. Cal. May 23, 2024).

## III. CONCLUSION

For the reasons above, the Court **REVERSES** the ALJ's decision and **REMANDS** this matter for further administrative proceedings, including a de novo hearing on an open record and a reevaluation of Dr. Mitchell's medical opinion evidence.

Dated this 2nd day of September, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge